J-S09037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MITCHELL A. TITUS | |
| Appellant | No. 1061 MDA 2015 |

Appeal from the Judgment of Sentence May 7, 2015
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000129-2013

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED FEBRUARY 02, 2016**

Mitchell Titus files this direct appeal from his judgment of sentence for two counts of rape.[1]  We affirm.

On October 9, 2014, Titus entered a guilty plea to two counts of rape. On May 7, 2015, the trial court sentenced Titus to 5-12 years' imprisonment and also determined that he was a sexually violent predator pursuant to the Sex Offender Registration and Notification Act, 42 Pa.C.S. § 9799.10 *et seq.* Titus did not file post-sentence motions.  On June 17, 2015, the trial court granted Titus' motion for leave to appeal *nunc pro tunc*.  On the same date, Titus filed a notice of appeal to this Court.

---

[1] 18 Pa.C.S. § 3121.

The sole issue in Titus' appellate brief is whether trial counsel provided ineffective assistance by permitting him to plead guilty without adequately investigating the case or informing Titus as to the consequences of his plea. Brief For Appellant, at 7 ("Did [Titus] voluntarily and intelligently enter his guilty pleas as he is alleging ineffective assistance of trial counsel?")

It is well-settled that challenges to the effectiveness of counsel are generally deferred until collateral review. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa.2002). There are two exceptions:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims, including cases such as [*Commonwealth v. Bomar*, 826 A.2d 831 (Pa.2003)] … where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

*Commonwealth v. Holmes*, 79 A.3d 562, 563–64 (Pa.2013).

Here, Titus did not raise his ineffectiveness claim for consideration by the trial court via post-sentence motions and did not knowingly waive his right to seek PCRA review. Nor did he demonstrate any extraordinary

circumstances warranting immediate consideration or good cause why the trial court should entertain his claims of ineffective assistance prior to the PCRA stage.  Thus, we refrain from reviewing Titus' claims of ineffectiveness but reiterate that Titus retains the right to raise such claims in a timely PCRA petition.  ***Grant***, 813 A.2d at 739.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2016